UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP S. PATRICK,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN, NEW JERSEY STATE PRISON, et al.,<br><br>   Defendants. | Civil Action No. 22-1883 (SDW)<br><br>MEMORANDUM ORDER |

**IT APPEARING THAT:**

 1. On or about April 3, 2022, Petitioner, Philip S. Patrick, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence. (ECF No. 1).  Petitioner thereafter filed a corrected petition, which incorporates by reference his memorandum of law in support of his petition. (ECF No. 7; ECF 1-1).  In his corrected petition, Petitioner raised the following grounds for relief:

- Ground One.  Violation of the Sixth Amendment right to effective assistance of counsel….

Failure to adequately address issue of accomplice liability.  Failure to object to testimony of the jailhouse informant which was obviously contrary to the physical evidence and the footage from the videos of the crime scene.  Failure to hold evidentiary hearing.  Medical Examiner testified that this was not a close range shooting.  The jailhouse informant said that it was a close range shooting.  The jailhouse informant testified that the petitioner was the shooter/killer to earn a promotion in the G-Shine gang.  Footage from the videotapes showed that Petitioner was not the shooter.  Trial counsel was ineffective for not training the defense on the theory that Petitioner was not an accomplice or conspirator of the real killer.

- Ground Two.  Violation of the Fourteenth Amendment right to require proof of guilt beyond a reasonable doubt [insufficient evidence]….

- Ground Three. Ineffective assistance of trial counsel for failure to object to testimony that Petitioner made admissions after the crimes that were not corroborated by substantial independent evidence. Also a due process violation.

(ECF No. 7 at 5-8). In support of ground three, Petitioner alleged:

> Admissions of Petitioner that were not corroborated by independent evidence should have been excluded under clearly established state and federal law. Edwin Price testified that Petitioner told him that Petitioner admitted that he was the killer/shooter. Petitioner told Mr. Price that he shot/killed DD to earn a promotion to "Five Star" in the Bloods "G-Shine Gang." Petitioner's admissions were not corroborated by independent evidence and they should have been excluded. Petitioner's then girlfriend, Shameka Moore, testified that Petitioner told her that he was a G-Shine member, and a friend of Jamal McNeill who also was a G-Shine member. Petitioner's admissions were not corroborated by independent evidence and they should have been excluded. Trial counsel was ineffective for failing to object to the uncorroborated admissions of Petitioner which came into trial through the testimony of Price and the uncorroborated admissions of Petitioner through the girlfriend. If trial counsel had objected based on the violation of the corroboration rule or the corpus delicti rule, there was a reasonable probability the outcome would have been acquittal.

(ECF No. 7 at 8).

2. Respondents filed an answer to the petition on August 25, 2022. (ECF No. 15). In that answer, Respondents raise the affirmative defense that ground three of the petition is unexhausted because it was not fairly presented to the state courts. (*Id.* at 30-35).[1] Thus, as a mixed petition, it must be dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509, 516-18 (1982), or held in abeyance while Petitioner exhausts his state court remedies, pursuant to *Rhines v. Weber*, 544 U.S. 269, 275-78 (2005).

---

[1] Respondents also argued that ground three of the petition does not present a cognizable habeas claim because a challenge to state evidentiary rules is not a federal or constitutional claim. Petitioner, however, raised a cognizable habeas claim because his claim is based on ineffective assistance *by failing to follow* state law, *rather than failure to challenge* a state evidentiary ruling. *See e.g.*, *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 238 (3d Cir. 2017) (discussing habeas claim based on trial counsel's failure to object to faulty jury instruction under state law).

3. On September 13, 2022, Petitioner filed a reply brief. (ECF No. 16). In his reply brief, Petitioner argued:

> [t]he substance of the federal claims were presented to the state's highest court as denial of due process and ineffective assistance of counsel. The issues were fairly presented, and thus, "exhausted." Even though Petitioner presented his insufficiency of the evidence claim as a weight of the evidence claim, it is clear from reading the pro se pleading that the issue described was an insufficiency of the evidence claim which is a federal issue.

(ECF No. 16 at 10).

4. Exhaustion of state remedies requires "the federal habeas claim must have been 'fairly presented' to the state courts, i.e., it must be the substantial equivalent of that presented to the state courts. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), as amended (Jan. 16, 1998) (quoting *Evans v. Court of Common Pleas, Delaware County, Pennsylvania*, 959 F.2d 1227, 1230, 1231 (3d Cir. 1992) (citations omitted in original)). "[T]he state court must have available to it the same method of legal analysis as that to be employed in federal court." *Id.* "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442-43 (3d Cir. 2005) (citation omitted).

5. In his state court proceedings, Petitioner alleged his trial counsel was ineffective for failing to make proper objections at trial. (ECF Nos. 15-2, 15-5, 15-7, 15-9, 15-11, 15-12, 15-16, 15-19, 15-22 at 6, 15-25, 15-26, 15-27). Petitioner, however, never alleged that his trial counsel failed to object to the admission of Edwin Price's and Shameka Moore's testimony based on violation of the corroboration rule or the corpus delicti rule under New Jersey state law; in other

words, that his confessions to them were not corroborated by sufficient evidence.[2] (*Id.*)[3] None of the ineffective assistance of counsel claims that Petitioner exhausted in the state courts were "substantially equivalent" to the claim presented in ground three. Therefore, ground three of the petition is unexhausted.

6. Pursuant to *Rhines*, *supra*, this Court will direct Petitioner to show cause as to why his petition should not be dismissed as a mixed petition. Within 30 days of entry of this Memorandum and Order, Petitioner must choose one of the following three options: 1) withdraw all unexhausted claims, and proceed solely on exhausted claims, subject to 28 U.S.C. § 2244(b)(2); or 2) seek a stay of the petition to exhaust all unexhausted claims in the state courts; or 3) elect to dismiss this matter without prejudice, although such dismissal may render a later filed habeas petition untimely under 28 U.S.C. § 2244(d). In order to receive a stay in this matter, Petitioner must show good cause for his failure to exhaust ground three of the petition, and explain why his unexhausted claim has potential merit. If Petitioner fails to respond to this Order within 30 days, the Court will dismiss the petition without prejudice as a mixed petition.

**IT IS ON THIS**  11th **day of**  April  , **2023**

**ORDERED** that within 30 days of entry of this Memorandum and Order, Petitioner shall inform this Court, in writing, which of these options he chooses to do with his mixed habeas petition:  1) withdraw all the unexhausted claims and proceed solely on his exhausted claims; or 2) seek a stay of the petition to exhaust all unexhausted claims; or 3) elect to dismiss this matter

---

[2] *See State v. Reddish*, 181 N.J. 553, 617-19 (2004) (discussing New Jersey corroboration rule announced in *State v. Lucas*, 30 N.J. 37 (1956)).

[3] On his 2254 habeas petition form, Petitioner did not answer the questions regarding his exhaustion in the state courts of the ineffective assistance of counsel claim raised in ground three of the petition. (ECF No. 7 at 8-10).

without prejudice.  In order to receive a stay in this matter, Petitioner must explain why his unexhausted claim has potential merit and show good cause why he failed to exhaust the claim in the state courts; and it is further

**ORDERED** that if Petitioner does not respond to this Memorandum and Order within 30 days, this Court shall dismiss the habeas petition without prejudice.

_____
Hon. Susan D. Wigenton,
 United States District Judge