UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP S. PATRICK,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN, NEW JERSEY STATE PRISON, et al.,<br><br>        Respondent. | Civil Action No. 22-1883 (SDW)<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about April 3, 2022, Petitioner Philip S. Patrick filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence in the New Jersey Superior Court, Law Division, Union County. (ECF No. 1). Petitioner thereafter filed a corrected, counseled petition. (ECF No. 7).

2. Respondent filed an answer to the corrected petition on August 25, 2022. (ECF No. 15). In that answer, Respondent raised the affirmative defense that ground three of the petition was unexhausted because it was not fairly presented to the state courts. (*Id.* at 30-35). Petitioner filed a reply brief. (ECF No. 16).

3. On April 11, 2023, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), this Court directed Petitioner to show cause, within 30 days, as to why his corrected, counseled habeas petition should not be dismissed without prejudice because it contained an unexhausted claim. ("the *Rhines* Order" ECF No. 17). Petitioner was given the opportunity to withdraw the unexhausted claim or seek a stay and abeyance of his petition, while he exhausted this claim in

1

the state courts, but he failed to timely respond.  On May 22, 2023, this Court dismissed the mixed habeas petition without prejudice.  (ECF Nos. 18, 19).

      4.  This matter comes before this Court upon Petitioner's motion to vacate the May 22, 2023 order of dismissal, filed pursuant to Federal Rule of Civil Procedure 60(b)(1), by local counsel Sonia M. Silverstein (ECF No. 8), and *pro hac vice* counsel, Cheryl J. Sturm (ECF No. 9).  Counsel submit that Attorney Sturm, whom Petitioner hired to represent him in this matter, broke her shoulder on April 19, 2023, and had total shoulder replacement surgery on April 20, 2023.  (ECF No. 20).  Attorney Sturm was completely unable to work for several days after the surgery and only returned to full-time work during the week of June 5, 2023.  Attorney Sturm's assistant was on vacation the week of April 14, 2023, and failed to check the docket for any activity on Petitioner's case.  Attorney Sturm's office checked the docket in this matter on May 26, 2023, and discovered the Court's April 11, 2023 *Rhines* Order, and the May 22, 2023 order dismissing the mixed petition without prejudice.  Attorney Sturm then advised Petitioner of these events, and asked Petitioner which option he would have chosen, if timely notified of this Court's *Rhines* Order.  Petitioner replied that he would have chosen to proceed on his exhausted claims and withdraw his unexhausted claim (ground three).  Therefore, based on excusable neglect, counsel for Petitioner seek an order vacating this Court's May 22, 2023 order and permitting Petitioner to proceed solely with his exhausted claims in his habeas petition (grounds one and two) (ECF No. 20 at 3).

      5.  When determining a motion to vacate under Fed. R. Civ. P. 60(b)(1) ("Rule 60(b)(1) motion") for excusable neglect, a district court must consider the totality of the circumstances, and particularly, the following four factors:  (1) the danger of prejudice [to the opposing party]; (2) the length of delay and its impact on judicial proceedings; (3) the reason for delay, including

whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171 (3d Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

      6. Attorney Sturm was delayed in responding to the *Rhines* Order by her unexpected injury, subsequent surgery, and rehabilitation period. Her delay in responding, although beyond the Court's deadline, was less than 30 days.[1]  There is no reason to believe Attorney Sturm did not act in good faith. Even though counsel should have been aware of the April 11, 2023 *Rhines* Order at the time of her injury on April 19, 2023, her intervening accident and injury caused her inability to timely respond. Respondent will not be prejudiced if this Court vacates its May 22, 2023 order because no further action will be required from Respondent, who filed his answer and brief in opposition to habeas relief on August 25, 2022. (ECF No. 15). Moreover, in consideration of the totality of the circumstances, the habeas petition will likely be time-barred after Petitioner exhausts ground three of the petition in the state courts and refiles his habeas petition in this Court. (ECF No. 20-1 at 14). Vacating the order of dismissal gives Petitioner the opportunity to proceed solely on his exhausted claims.

      7. For these reasons, the Court will grant Petitioner's Rule 60(b)(1) motion, vacate the May 22, 2023 order and accompanying opinion, and will proceed solely on the exhausted claims (grounds one and two) in the habeas petition.

---

[1] Local Counsel, Sonia M. Silverstein, did not address her role in advising *pro hac vice* counsel of the deadline in this Court's *Rhines* Order.

An appropriate Order follows.

DATE: __October 5__, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge

4